415 P.2d 461

**HOPPER TRUCK LINES, Calhoun Bros. Livestock Transportation Co., Inc., and Johnny Frank Ray, Appellants,**

v.

**Nellie JACKSON, Appellee.**

**No. I CA–CIV 230.**

Court of Appeals of Arizona.

June 17, 1966.

Rehearing Denied July 18, 1966.

Review Denied Sept. 27, 1966.

Snell & Wilmer, by Roger W. Perry, H. William Fox, Phoenix, for appellants.

Alan Philip Bayham, Phoenix, and Le-Ven B. Ferrin, Phoenix, for appellee.

STEVENS, Chief Judge.

Nellie Jackson filed suit to recover damages in relation to the alleged wrongful death of her husband. Her husband, in the night time, drove into the rear of a parked truck and trailer loaded with cattle, his death resulted from the accident. The jury returned a verdict for Mrs. Jackson.

We have read the entire record. We believe that no contribution to the case law of this State will result from a detailed recitation of the evidence. Without commenting relative to our personal opinions as to the weight of the evidence as reflected by the cold record, there is sufficient evidence in the record to sustain the verdict. Evidently the trial judge was of the same opinion.

It is urged that the court erred in denying the motions for directed verdict presented by the defendants. The evidence

of the defendants was sufficient upon which the jury could have found that the truck was disabled, that it was equipped with more lights than those required by law, that the lights were functioning when the driver left to get help and during interim periods before the accident, that reflectors of a design complying with the statutory requirements were posted substantially as specified by the statute and that it was not practicable to move the truck and trailer to a position either partially or entirely off the highway. On the other hand under the issues presented to the jury and the evidence, the jury could have found that the truck was not disabled to the extent that it was no longer practicable to move it to a different location thereby placing the same in whole or in part off of the paved portion of the highway. The jury could have found that there was an overload on the electrical circuit breaker which caused the lights of the parked equipment to go out prior to the impact and that it was not a short circuit which resulted from the impact which in turn caused the lights to go out, a situation observed by persons after the accident. The jury could have found that when the driver left the vehicle unattended that this was a negligent act which proximately contributed to the accident.

■ The appellees urge error in the giving of instructions which included the reading of statutes relating to the lighting requirements for vehicles on the highway other than in an emergency situation. In the instructions the court did not state that the violation of the statutes which were presented to the jury would be negligence per se. The statutes contained in the instructions, and objected to by the defendants, were appropriate should the jury find that the vehicles were not disabled and that it was practicable to move them.

It is urged that portions of the jury argument made on behalf of the plaintiff were so inappropriate as to require the granting of a mistrial, as to require the granting of a new trial, and as to require the reversal of this cause. While we believe that portions of the argument were objectionable, we are in this case content to rest with the decision of the trial judge to the effect that they are not of that degree of departure from propriety as to require that the case be taken from the jury.

■ The defendants offered evidence relative to the electrical wiring of the rear lights of the trailer being a Utility Trailer. This evidence was offered in relation to the theory of the defendants that it was the accident which caused the short circuit which in turn caused the rear lights to be out at the time persons observed the vehicles after the accident. In rebuttal the plaintiff established that the license which the photographs in evidence disclosed was on the trailer involved in the accident, was issued for a Weber Trailer. In surrebuttal, the defendants explained the error in the license plates and introduced a record to establish that the trailer in the picture in evidence was in fact a Utility Trailer in accordance with the testimony presented by the defendants. These were records belonging to the defendants and were within their control. These records reflected the presence of insurance. The defendants urge that the rebuttal by the plaintiff was collateral and that it was error to permit the same. The defendants contend that by reason of the ruling of the trial court they were required to present the damaging material to the jury. It is our opinion that the rebuttal was not collateral and since the documents used on surrebuttal were completely within the control of the defendants, there was no error in the court's receiving them upon the offer of the defendants.

In our opinion this hard fought case was well tried and it is free from reversible error.

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concur.